11/6/2018

FILED

NOV 09 2018

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____N.V._____, DEPUTY

Larry Cochran,
          Plaintiff,

**CIV 18 1105 R**

Civil Action No. ____

v

Unknown Custody
Staff, Federal Transfer
Center, Building Patrol

          Defendant(s).

Eighth Amendment
Violation of:
Intentional
Interference With
Medical Treatment

"Bivens Action"
Against Federal Employees
In Their Individual Capacities

by Larry Cochran
P.O. Box 898801
Oklahoma City,
Oklahoma 73189-8801

Prepared By An Inmate
Companion Due To Larry Cochran's
Blindness

· Cover Page

## Jurisdiction

This U.S. District Court has jurisdiction over this matter, and the Parties in this matter, pursuant to 28 U.S.C. § 1331, and the fact that all the acts complained of in this Complaint were committed within this Court's Jurisdiction. Also, the Plaintiff currently resides in this Court's Jurisdiction, and the Defendant(s) reside and are Employed within this Court's Jurisdiction.

## Parties

The Plaintiff is a Blind, Wheel-Chair-Bound, Physically Handicapped Inmate in the B.O.P. (Bureau of Prisons), with Physical Conditions that have him in Constant Pain, and with Mental and Emotional Disorders. Currently located at the Federal Transfer Center in Oklahoma City, Oklahoma.

The Defendant(s) are Unknown Custody Staff, who are currently Employed at the Federal Transfer Center in Oklahoma City, Oklahoma, and were at work, and Interfering (Intentionally Interfering) with Plaintiff's Medical Treatment Prescribed by Prison Doctors, at the Times Complained of in this Complaint.

## Exhaustion of Administrative Remedies

The Plaintiff has repeatedly requested Administrative Remedy Forms (i.e., BP-8, BP-9, BP-10, BP-11), and has been told "NO!", That Plaintiff would not receive any Administrative Remedy Forms while he is in the Federal Transfer Center, by the Counselor, and by every Staff Member Plaintiff asked, or had access to here at the Federal Transfer Center.

The Prison Officials, by their refusal to provide the "Necessary Forms", have made the Plaintiff's Administrative Remedies Unavailable.

## Imminent Danger of Serious Physical Injury

The Plaintiff has "Three Strikes," under the PLRA, and cannot proceed in forma pauperis in this matter unless he is "In Imminent Danger Of Serious Physical Injury." The Plaintiff is in "Imminent Physical Danger" of having a Heart Attack, Stroke, Hypertension Attack, and Artrial Fibrillation, due to the Defendant(s) Interference, denial, and delay, of Plaintiff's use of his Doctor Prescribed C-PAP Machine (for Plaintiff's Pickwickian Syndrome, also known as Obstructive Sleep Apnea with associated Hypoxemia and Sleep disruption.

## Request To Proceed In Forma Pauperis

The Plaintiff, due to the fact that he is "In Imminent Danger" Of Heart Attack, Stroke, Hypertension Attack, and Artirial Fibrillation, requests this Court, pursuant to 1915(g) of Title 28 of the U.S. Codes, allow him to proceed in forma pauperis in this matter.

The Plaintiff's Sleep Apnea causes, the Plaintiff to stop Breathing several hundred times during the night, which not only triggers the Plaintiff's Panic Attack Disorder (Which is Doctor Diagnosed, as well as several medications prescribed) to kick in (as well as other of Plaintiff's Medical Conditions), but, it also Lowers Plaintiff's Blood Oxygen Levels, which is a concern because Low Oxygen Levels can lead the Plaintiff to Heart Attack, Stroke, a Hypertension Attack, and Artirial Fibrillation. The Plaintiff has had a previous Stroke (2013), takes Three (3) Different Medications for Severe Hypertension, and has Calcium Deposits clogging his Aorta Heart Artery.

The Plaintiff, without his C-PAP Machine, is in "Imminent Danger Of Serious Physical Injury, and requests that this Court, pursuant to 28 U.S.C. 1915(g), allow him to proceed In forma pauperis.

## Claim

1). The Plaintiff arrived at the Federal Transfer Center in Oklahoma City, Oklahoma, on October 29, 2018. The Plaintiff was sent to the Transfer Center as a temporary stop-off, because he is being Transferred from Pekin FCI to FCI Elkton, a Low Level Security Facility.

2). The Plaintiff, upon his arrival, was immediately given his C-PAP Machine, which he brought with him from FCI Pekin, and assigned to a Handicapped Cell, because Plaintiff is Blind, Wheel-Chair Bound and Physically Handicapped. The Plaintiff was given his Ten (10) Different medications, and told that the Electric Power to the Socket Outlet in his Handicapped Cell would be turned on after 10:00 pm, when everyone is locked-up. The Power was never turned on that night.

3). When the Power for Plaintiff's C-PAP was not turned on by 11:00 pm, on October 29, 2018, the Plaintiff hit his Emergency Button, and when the Unit Officer came the Plaintiff complained about the Power being off and told the Unit Officer about the Medical Necessity of using his C-PAP and the substantial risk of serious harm to Plaintiff if he slept without it.

4). The Unit Officer said: "I know, and all the officers in this Facility know, because we are all Trained, and told, about the important of C-PAP's and

other Medical Treatment Equipment. I called Building Patrol, because they are the only ones who have access to the keys to turn on the Power." The Plaintiff asked the Unit Officer: "Why is the Power off anyway?" The Unit Officer said: "Lately, we've had a really bad Inmate Smoking Problem, not on this Unit but, on some other Units, so they keep the Power to all the Outlets off during the day and turn it on after 10:00 pm at night. But, Building Patrol said he is not turning on the Power tonight, even though I told him about the C-PAP Machines, he said he is not doing it."

5). The Plaintiff spent the night without his C-PAP, gasping for air, choking, having Panic Attacks, and crying for help.

6). The next day the Warden, Assistant Warden, and the Counselor came on the Unit. The Plaintiff told them about the C-PAP situation, and requested a BP-8 Administrative Remedy, the Plaintiff was told by all three staff members: "We don't give out Administrative Remedies here, but, we will look into your problem."

7). However, that night Plaintiff again was without the use of his C-PAP, due to no Power in the Outlet, and Plaintiff again spent the night gasping for air, choking, having Panic Attacks, and even severe Chest Pains, and again crying for help. The Unit Officer again said he called Building Patrol and he refused to turn on the Power.

8). The Plaintiff has been without Power to use his Medically Necessary C-PAP for Eight (8) days in a row, and the nights of gasping for air, choking, having Panic Attacks, and Chest Pains got worse every night. Plaintiff thought he would quit breathing for good and die. Plaintiff's Chest and Heart Ached. The Plaintiff repeatedly went to sick call, and was told there was nothing they could do, Building Patrol was responsible for turning on the Power at night.

9). As I write this Complaint for a Blind, Wheel-Chair-Bound, Physically Handicapped, Plaintiff, I see how miserable and lethargic, and in Pain, he is and it makes me sick to think he could die because Building Patrol (one Officer who is Unknown to Inmates) refuse to cut on the Power for Plaintiff's Medically Necessary C-PAP Machine. The Plaintiff as of the Writing of this Complaint is still without the use of Power to use his C-PAP Machine.

10). The Building Patrol, who ever he may be (for the dates of 10/29/2018 through 11/6/2018), having been Trained and Informed on the Medical Necessity of C-PAP Machines, was totally and completely deliberately indifferent to Plaintiff's serious Medical Needs, Interfered With Plaintiff's use of his Doctor Prescribed C-PAP Machine, and was totally deliberately indifferent to the excessive risk of harm his actions and inactions posed to the Plaintiff.

## Relief

In the form of Relief, the Plaintiff requests:

This Court enter a Judgment in favor of Plaintiff for the Declaratory Relief of a Violation of Plaintiff's Eighth Amendment Right against the Defendant(s) Building Patrol of 10/29/18 through 11/6/18;

This Court enter a Judgment of Injunctive Relief in favor of the Plaintiff in the form of issuing an Injunction for the Power to Plaintiff's Medically Necessary C-PAP to remain on;

This Court enter a Judgment in favor of the Plaintiff for the sum certain amount of $50,000.00 Fifty-Thousand Dollars in Monetary Damages.

## Request For Appointment of Counsel

The Plaintiff, due to being Blind, Wheel-Chair-Bound, Physically Handicapped, with Mental and Emotional Disorders, in Constant Pain, Request the Court Appoint him Counsel in this matter. As Plaintiff has neither the resources, legal resources, or knowledge of the law to litigate this action.

Larry Cochran

Prepared By An Inmate Companion Due To Larry Cochran's Blindness